IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRAD REAMS, TERRI KUTZ, and )
TIMOTHY FIELDER, )
 )
                                Plaintiffs, )
 )
v. )    Case No. 2:20-cv-2133-TC-TJJ
 )
CITY OF FRONTENAC, KS, et al., )
 )
                               Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Second Motion to Leave to Amend Complaint (ECF No. 49). Plaintiffs sought leave to file a Second Amended Complaint to add one claim that was overlooked earlier in the case: a breach of contract claim on behalf of Plaintiff Timothy Fielder. Defendants opposed the motion, and during the Pretrial Conference conducted July 13, 2021, the Court granted the motion and advised the parties it would enter a written order memorializing the ruling. The Court now explains its reasoning below.

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course within 21 days after serving it or before a responsive pleading is served.[1] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[2] The court should "freely give leave [to amend] when justice so requires,"[3] and the Supreme Court has emphasized that "this mandate is to be heeded."[4] The

---

[1] Fed. R. Civ. P. 15(a)(1).

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Id.*

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

court is to consider a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[5] A proposed amendment is futile if the amended complaint would be subject to dismissal.[6] The purpose of Rule 15(a) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[7]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."

A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[8] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[9]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline

---

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman*, 371 U.S. at 182).

[6] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[7] *Minter*, 451 F.3d 1196 at 1204 (internal citation omitted).

[8] *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[9] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

could not have been met even if it had acted with due diligence.[10] The lack of prejudice to the nonmovant does not show good cause.[11] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[12]

The Court first finds that Plaintiffs have met the Rule 16(b)(4) good cause standard to amend the operative Scheduling Order in this case. Plaintiffs explain that they only recently became aware that they had erroneously omitted a breach of contract count for Plaintiff Fielder. During Plaintiff Fielder's deposition (one of twelve depositions, spanning three weeks), Defendants used a written employment contract as an exhibit. Shortly thereafter, the parties participated in mediation. Plaintiffs' counsel reviewed the Amended Complaint and realized there was no separate breach of contract count asserted for Plaintiff Fielder. Counsel attempted to get Defendants' consent to add the count, but Defense counsel declined. Under these circumstances, the Court finds that Plaintiffs have shown good cause under Rule 16 for belatedly modifying the Scheduling Order to allow amendment past the deadline. The next question is whether Plaintiffs satisfy the Rule 15 standards for adding the Fielder breach of contract claim in a Second Amended Complaint.

With respect to this second question, Plaintiffs assert: (1) they promptly moved to amend without undue delay once noticing that the breach of contract claim had been omitted from the Amended Complaint; (2) their motion is not made in bad faith or with dilatory motive; (3) prior

---

[10] *Id.* at *5.

[11] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[12] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. Apr. 11, 2008).

amendment was unrelated; (4) granting the motion would cause no undue prejudice because Defendants were aware of the Fielder contract and no additional discovery would be necessary; and (5) amendment is not futile. Defendants ask the Court to deny leave because the motion is untimely and futile. The Court addresses each of these points in turn below.

First, there was no undue delay. The timeliness component of Rule 15(a)(2) is intended to consider more than mere passage of time; the court is to examine whether a delayed motion created a burden. "The longer the delay the more likely the delay will impose burdens on the opponent and the court. . . . The court must focus primarily on the reasons for the delay. Denial of leave to amend is appropriate where the plaintiff has no adequate explanation for the delay."[13] Plaintiffs have offered an adequate explanation for the delay—basically, oversight in a lengthy complaint involving the claims of three Plaintiffs. The delay was relatively short after Plaintiffs recognized this harmless oversight.

As for bad faith, Defendants do not contend Plaintiffs filed their motion in bad faith, and the Court finds none. Defendants also do not argue Plaintiffs' prior amendment should be held against Plaintiffs or they will suffer undue prejudice if the Court grants the motion to amend. The Court agrees and finds no undue prejudice because Defendants were aware of the contract and no additional discovery would be necessary.

Finally, Defendants assert the proposed amendment would be futile. It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a

---

[13] *In re Urethane Antitrust Litig.*, 04-MD-1616-JWL, 2007 WL 1424327, at *3 (D. Kan. May 14, 2007) (quoting and citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006)).

motion to dismiss or if it otherwise fails to state a claim.[14] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle it to relief.[15] The issue before this Court is therefore not whether Plaintiffs ultimately will prevail, but whether they are entitled to offer evidence to support the proposed amended claims.[16]

Defendants argue Plaintiffs do not allege the contract was signed by a representative of the City of Frontenac, rendering it unenforceable. But Plaintiffs represent they believe they can present evidence that the Mayor of Frontenac actually did sign the contract. This argument may be explored on a summary judgment record, but the undersigned will not deny leave to amend based on futility on the record before it.

The Court concludes Plaintiffs have established good cause to justify their untimely motion, and Plaintiffs' proposed Second Amended Complaint is proper under Rule 15(a). Plaintiffs should be afforded the opportunity to offer evidence to support their allegations. Defendant will not suffer undue prejudice from the amendment, and the Court finds that justice requires granting Plaintiffs' motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion for Leave to Amend Complaint (ECF No. 49) is **GRANTED**. In accordance with D. Kan. Rule 15.1(b), Plaintiffs

---

[14] *Bratcher v. Biomet Orthopedics, LLC*, No. 19-cv-4015-SAC-TJJ, 2019 WL 2342976, at *5 (D. Kan. June 3, 2019) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995)).

[15] *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[16] *Beach v. Mut. of Omaha Ins. Co.*, 229 F. Supp. 2d 1230, 1234 (D. Kan. 2002).

shall electronically file and serve the Second Amended Complaint within three business days of the date of this order—such that it is on file before the Court enters the Pretrial Order.

**IT IS SO ORDERED.**

Dated this 14th day of July, 2021 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge